IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V. ROOD,<br><br>Plaintiff,<br><br>v.<br><br>GARY SWARTHOUT, et al.,<br><br>Defendants. | No. 2:13-CV-0478-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 33). Plaintiff alleges deliberate indifference to a serious injury—an alleged violation of his Eighth Amendment right against cruel and unusual punishment.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named 46 defendants. Plaintiff contends that while he was housed at the Shasta County Jail, Dr. Craig diagnosed him as having an ACL tear in his right knee and LDD of his L3 and L6 vertebrae. Plaintiff was informed he would have to wait until he arrived at his permanent housing facility before receiving treatment. Plaintiff claims the Defendants ignored Dr. Craig's diagnosis and Plaintiff's medical complaints, and that their actions amount to deliberate indifference to a serious medical injury in violation of the Eighth Amendment.

/ / /

/ / /

Specifically, Plaintiff alleges Defendant S. Hannies was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert proper medical personnel or to provide adequate medical care. Plaintiff alleges Defendant R. Tan was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to conduct an adequate examination or properly treat Plaintiff's injury. Additionally, Plaintiff alleges Tan was deliberately indifferent when he failed to treat Plaintiff's knee after his surgery for his ACL tear. Plaintiff alleges Defendant Fontillas was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to provide proper medical care—only taking Plaintiff's vitals while failing to address his actual injury or pain. Plaintiff alleges Defendant Hardman was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert the proper medical personnel or to provide adequate medical care.

Further, Plaintiff alleges Defendant Win was deliberately indifferent because he also was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to provide adequate medical treatment, and instead determined that Plaintiff did not have an ACL tear. Plaintiff alleges that Dr. Win provided inappropriate medication that caused an upset stomach. Plaintiff alleges Defendant Kiez was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert proper medical personnel or provide adequate medical care. Plaintiff contends the medical personnel then began a campaign against Plaintiff intended to bias other medical personnel against him.

Plaintiff alleges Defendant Kiez was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert proper medical personnel or provide adequate medical care. Finally, Plaintiff alleges Defendant Braunger was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but ignored

3

Plaintiff's medical request. Plaintiff alleges these events occurred between December 2010 and May 2011, when he received an MRI of his knee and the ACL tear was confirmed and surgery scheduled. Plaintiff provides no factual allegations related to any of the other 38 named Defendants.

## III. ANALYSIS

### A. Failure to Link

Plaintiff has named 46 Defendants, however, he has pleaded facts as to only eight. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Because, Plaintiff has failed to provide any facts linking the remaining 38 Defendants with an alleged violation, Plaintiff's claims must be dismissed as to those Defendants. Plaintiff will, however, be provided leave to amend in order to plead sufficient facts.

### B. Claims Against Hannies, Tan, Fontillas, Hardman, Win, Kiesz, Hernst, Braunger

Plaintiff allege Defendants Hannies, Tan, Fontillas, Hardman, Win, Kiesz, Hernst, Braunger were deliberately indifferent to his severe injury, amounting to a violation of the Eighth Amendment. Plaintiff has pleaded sufficient facts to the claim related to these Defendants to pass screening.

4

## IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: January 16, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5