# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V. ROOD, | No. 2:13-CV-0478-JAM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GARY SWARTHOUT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On January 17, 2019, this Court issued a screening order (ECF No. 34) finding Plaintiff pleaded sufficient facts in his first amended complaint for his claim against Defendants Hannies, Tan, Fontillas, Hardman, Win, Kiesz, Herhst, and Braunger to proceed past screening and providing Plaintiff leave to amend as to his claims against the other named Defendants. Plaintiff was informed if no second amended complaint was filed the Court will issue findings and recommendations that the defective claims be dismissed and separately order the service of his complaint to Defendants Hannies, Tan, Fontillas, Hardman, Win, Kiesz, Herhst, and Braunger. Plaintiff has not filed a second amended complaint, as such, this Court recommends Plaintiff's claims against all remaining Defendants be dismissed with prejudice. By separate order, the court will direct plaintiff to submit documents necessary for service of process on Defendants Hannies, Tan, Fontillas, Hardman, Win, Kiesz, Herhst, and Braunger

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff has named 46 defendants. Plaintiff contends that while housed at the Shasta County Jail Dr. Craig diagnosed him with having an ACL tear in his right knee and LDD of his L3 and L6 vertebrae. Plaintiff was informed he would have to wait until he arrived at his permanent housing facility before receiving treatment. Plaintiff claims the Defendants ignored Dr. Craig's diagnosis and Plaintiff's medical complaints, and that their actions amount to deliberate indifference to a serious medical injury in violation of the Eighth Amendment.

Specifically, Plaintiff alleges Defendant S. Hannies was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert proper medical personnel or to provide adequate medical care. Plaintiff alleges Defendant R. Tan was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to conduct an adequate examination or properly treat Plaintiff's injury. Additionally, Plaintiff alleges Tan was deliberately indifferent when he failed to treat Plaintiff's knee after his surgery for his ACL tear. Plaintiff alleges Defendant Fontillas was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to provide proper medical care—only taking Plaintiff's vitals while failing to address his actual injury or pain. Plaintiff alleges Defendant Hardman was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert the proper medical personnel or to provide adequate medical care.

Further, Plaintiff alleges Defendant Win was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to provide adequate medical treatment—determining that Plaintiff did not have an ACL tear and providing inadequate medication that caused an upset stomach. Plaintiff alleges Defendant Kiez was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert proper medical personnel or provide adequate medical care. Plaintiff contends the

medical personnel then began a campaign against Plaintiff intended to bias other medical personnel against him.  Plaintiff alleges Defendant Kiez was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but failed to alert proper medical personnel or provide adequate medical care.  Finally, Plaintiff alleges Defendant Braunger was deliberately indifferent because he was made aware of Plaintiff's diagnosis, current pain, and the possibility of continued and worsened harm, but ignored Plaintiff's medical request.  Plaintiff alleges these events occurred between December 2010 and May 2011, when he received an MRI of his knee and the ACL tear was confirmed and surgery scheduled.  Plaintiff provides no factual allegations related to any of the other 38 named Defendants.

## II. ANALYSIS

Plaintiff has named 46 Defendants.  However, he has pleaded facts as to only eight.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

/ / /

/ / /

|   |   |
|---|---|
| 1 | Because Plaintiff has failed to provide any facts linking the remaining 38 |
| 2 | Defendants with an alleged violation, there are simply no facts present attributing any alleged |
| 3 | constitutional violation to any Defendant other than Hannies, Tan, Fontillas, Hardman, Win, |
| 4 | Kiesz, Hernst, and Braunger. For that reason, Plaintiff has failed to meet the pleading standard as |
| 5 | to these remaining 38 Defendants. |

### III. CONCLUSION

Base on the foregoing the undersigned recommends Plaintiff's claims against all Defendants except for Hannies, Tan, Fontillas, Hardman, Win, Kiesz, Herhst, and Braunger be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 11, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4