# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V. ROOD,<br><br>Plaintiff,<br><br>v.<br><br>GARY SWARTHOUT, et al.,<br><br>Defendants. | No. 2:13-CV-0478-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 46).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff cites the following reasons supporting the appointment of counsel: (1) he is indigent; (2) he is incarcerated; and (3) plaintiff has another case currently pending. These circumstances are not exception but represent the norm for most prisoner litigants. Moreover, at this stage of the proceedings before any discovery has been conducted, it cannot be said that plaintiff has demonstrated any particular likelihood of success on the merits. Finally, a review of the file in this case reflects that plaintiff is able to articulate his claims, which are neither factually nor legally complex.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 46) is denied.

Dated: September 24, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE