IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD V. ROOD,<br><br>Plaintiff,<br><br>v.<br><br>KHIN WIN, et al.,<br><br>Defendants. | No. 2:13-CV-0478-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' motion for summary judgment. ECF No. 77. Defendants contend that Plaintiff has failed to file an opposition to the motion. ECF No. 88. Plaintiff has filed a declaration indicating that he did file an opposition. ECF No. 84. It appears to the Court that Plaintiff did file an improperly served opposition. See ECF No. 82. The Court construes the declaration as a motion for additional time to oppose Defendants' motion. The Court will grant the motion as construed.

The procedural history regarding Defendants' motion and Plaintiff's opposition is somewhat confusing. Defendants filed their motion on December 9, 2020. ECF No. 77. Plaintiff requested an extension of time to file an opposition on December 15, 2020. ECF No. 79 at 2. Plaintiff stated that, Kern Valley State Prison (KVSP), where Plaintiff is incarcerated, was on quarantine due to COVID-19. Id. at 1. Plaintiff thus did not have access to a law library for research

1

and could not attend to his case or make copies. Id. The Court granted Plaintiff a ninety-day extension of time on January 22, 2021. ECF No. 81. Plaintiff did not file an opposition thereafter.

On April 30, 2021, Defendants submitted a notice that Plaintiff had failed to oppose their motion for summary judgment. ECF No. 83. They asked the Court to grant the motion. Id. A few days later, on May 4, 2021, Plaintiff filed a declaration explaining his supposed failure to file an opposition. ECF No. 84. Plaintiff received Defendants' motion on December 14, 2020. Id. at 1. He filed the motion for an extension in the light of COVID-19-related lockdowns. Id. When the Court did not grant the extension right away, Plaintiff contends that he panicked and, in December 2020, filed an opposition. See id. at 1–2. Due to the inaccessibility of KVSP's law library, however, he was unable to make copies. Id. at 2. Plaintiff apparently requested that the Court make and send copies of the opposition when he filed it. See id.

Plaintiff asks that the Court deny Defendants' request to rule on and grant the motion for summary judgment. Id. He also asks that the Court give him time to request copies of the prison's mail log so that he can prove that he mailed an opposition to the Court. Id. at 2–3. In the alternative, Plaintiff requests a polygraph examination. Id. at 3.

No obvious opposition is before the Court. Plaintiff, however, did make two submissions that are marked as declarations. ECF Nos. 80, 82. The first submission is declaration in support of the motion for enlargement of time. ECF No. 80. The second submission, mailed on January 14, 2021, and docketed on January 19, 2021, contains Plaintiff's opposition. ECF No. 82. The first page of the opposition is indeed labeled with "declaration." Id. at 1. Given the "declaration" label, the Clerk's office appears to have inadvertently marked the opposition as a declaration in support of the extension motion. See id. The opposition was thus not separately and distinctly docketed.

The declaration attached to Plaintiff's oppositions confirms several points from Plaintiff's most recent declaration. Plaintiff declared that he had yet to hear back on the status of his motion for an extension of time and was unable to make copies due to restricted law library access. Id. at 1–2. Plaintiff requested that the Court make copies on his behalf and serve the opposition on each of the Defendants. Id. at 2.

2

Plaintiff, as his copy request implies, never served the opposition on Defendants. See id. at 2, 165. Plaintiff's request that the Court serve his opposition on Defendants was not an option available to Plaintiff. Under the Eastern District of California's Local Rules, litigants who are not registered for the CM/ECF system—for example, prisoners—must serve documents conventionally in paper. L.R. 135(b). "Conventional Service" is service as permitted under Federal Rule of Civil Procedure 5(b)(2); for example, service by handing a paper to someone. Id.; Fed. R. Civ. P. 5(b)(2)(A)–(D). Unless a party explicitly waives services, copies of every document submitted to the Court must be served on all parties. Fed. R. Civ. P. 5(a); L.R. 135(d).

Plaintiff's submission of his opposition to the Court with a prayer that the Court serve it on his behalf did not comply with the rules governing service. Defendants were never served. Considering both the mistaken docketing of the opposition and Defendants' notice stating they never received an opposition, the Court accepts that Defendants were (and are) unaware of any opposition.

The Plaintiff's status as a pro se prisoner, the liberality with which the Court must construe prisoners' submissions, and the enormous burden that COVID-19 has imposed both generally and upon inmates particularly, all counsel in favor of leniency. The Court is inclined to facilitate full and fair consideration of each case before it. Short-circuiting this case by precluding Plaintiff from filing a properly served opposition inhibits that goal. If Plaintiff has valid grounds to oppose the motion and there is indeed a genuine dispute of material fact requiring resolution at trial, then the Court believes a further opportunity to oppose the motion is appropriate. The Court concludes that Plaintiff shall have a final opportunity to oppose the summary judgment.

Accordingly, IT IS HEREBEY ORDERED that:

1. The Court construes Plaintiff's declaration (ECF No. 84) as a motion for extension of time to oppose Defendants' motion for summary judgment. So construed, Plaintiff's motion is **GRANTED**.

2. Plaintiff shall file an opposition to Defendants' motion for summary judgment within **sixty (60) days** of the date of this order.

3

3. Plaintiff shall comply with the rules for service and serve the opposition on all Defendants.

4. No further extensions shall be granted absent a compelling showing of good cause.

Dated: August 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE